1

2

3

4

5

6

7                    IN THE UNITED STATES DISTRICT COURT

8                 FOR THE EASTERN DISTRICT OF CALIFORNIA

9    DEREK TODD,

10            Plaintiff,                        No. CIV 12-1378 MCE EFB PS

11        vs.

12   JUDGE ROBERT MCELHANY;
     PLACER COUNTY SUPERIOR COURT,
13
              Defendants.                       FINDINGS AND RECOMMENDATIONS
14
     _____/
15

16         This case, in which plaintiff is proceeding *in propria persona*, was referred to the

17   undersigned under Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1).  Plaintiff seeks

18   leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  Plaintiff's declaration makes

19   the showing required by 28 U.S.C. § 1915(a)(1) and (2).  *See* Dckt. No. 2.  Accordingly, the

20   undersigned recommends that the request to proceed *in forma pauperis* be granted.  28 U.S.C.

21   § 1915(a).

22         Determining plaintiff may proceed *in forma pauperis* does not complete the required

23   inquiry.  Pursuant to § 1915(e)(2), the court is directed to dismiss the case at any time if it

24   determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to

25   state a claim on which relief may be granted, or seeks monetary relief against an immune

26   defendant.

1

1   Although *pro se* pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519,

2   520-21 (1972), a complaint, or portion thereof, should be dismissed for failure to state a claim if

3   it fails to set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl.*

4   *Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41

5   (1957)); *see also* Fed. R. Civ. P. 12(b)(6). "[A] plaintiff's obligation to provide the 'grounds' of

6   his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of

7   a cause of action's elements will not do. Factual allegations must be enough to raise a right to

8   relief above the speculative level on the assumption that all of the complaint's allegations are

9   true." *Id.* (citations omitted). Dismissal is appropriate based either on the lack of cognizable

10  legal theories or the lack of pleading sufficient facts to support cognizable legal theories.

11  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

12      In reviewing a complaint under this standard, the court must accept as true the allegations

13  of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trustees*, 425 U.S. 738, 740

14  (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in

15  the plaintiff's favor, *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). A *pro se* plaintiff must

16  satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule

17  8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the

18  pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the

19  grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007)

20  (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

21      Additionally, a federal court is a court of limited jurisdiction, and may adjudicate only

22  those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins.*

23  *Co.*, 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 &

24  1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question

25  jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2)

26  allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or

1    (3) be authorized by a federal statute that both regulates a specific subject matter and confers

2    federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962). To invoke the court's diversity

3    jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the

4    matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World*

5    *Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987). A case presumably lies outside the jurisdiction

6    of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of

7    subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys*

8    *Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

9        Plaintiff's complaint against Judge Robert McElhany and the Placer County Superior

10   Court is brought under 42 U.S.C. § 1983. Dckt. No. 1 at 1. Plaintiff alleges that Judge

11   McElhany issued a child custody visitation order in plaintiff's family law proceeding in state

12   court which violated plaintiff's Fourteenth Amendment rights to his children. *Id.* at 1, 2, 15-47.

13   All of the issues plaintiff presents surround the constitutionality of the order that Judge

14   McElhany allegedly issued. *Id*.

15        However, judges are absolutely immune from suit for judicial actions taken by them in

16   the course of their official duties in connection with a case, unless those actions are taken in the

17   complete absence of all jurisdiction. *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Plaintiff makes

18   no factual allegations that Judge McElhany acted outside the scope of his judicial capacity or

19   lacked jurisdiction. In fact, all of his claims are based on the issuance of a child custody

20   visitation order by Judge McElhany. Therefore, Judge McElhany is immune from liability in

21   this § 1983 action. *Pierson v. Ray*, 386 U.S. 547, 554 (1967) (finding that judicial immunity is

22   applicable to § 1983 actions).

23        Additionally, although § 1983 provides a federal forum to remedy many deprivations of

24   civil liberties, it does not provide a federal forum for litigants who seek a remedy against a state

25   for alleged deprivations of civil liberties. *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 66

26   (1989). The Eleventh Amendment bars such suits unless the State has waived its immunity. *Id.*

1    A municipal court is an arm of the state and is protected from lawsuit by the Eleventh

2    Amendment.  *Franceschi v. Schwartz,* 57 F.3d 828, 831 (9th Cir. 1995).  Therefore, plaintiff's

3    claims against Placer County Superior Court must be dismissed without leave to amend.

4    *Simmons v. Sacramento County Super. Ct.,* 318 F.3d 1156, 1161 (9th Cir. 2003) (plaintiff cannot

5    state a claim against Sacramento County Superior Court because it is an arm of the state and thus

6    barred by the Eleventh Amendment); *Franceschi,* 57 F.3d at 831 (claim against South Orange

7    County Municipal Court barred by Eleventh Amendment because it is "arm of the state").

8           Moreover, under the *Rooker-Feldman* doctrine, a federal district court does not have

9    subject-matter jurisdiction to hear an appeal from the judgment of a state court.  *Exxon Mobil*

10   *Corp. v. Saudi Basic Indus. Corp*., 544 U.S. 280, 283-84 (2005); *see also Dist. of Columbia*

11   *Court of Appeals v. Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S.

12   413, 415 (1923).  The *Rooker-Feldman* doctrine bars jurisdiction in federal district court if the

13   exact claims raised in a state court case are raised in the subsequent federal case, or if the

14   constitutional claims presented to the district court are "inextricably intertwined" with the state

15   court's denial of relief.  *Bianchi v. Rylaarsdam*, 334 F.3d 895, 898-99 (9th Cir. 2003) (quoting

16   *Feldman*, 460 U.S. at 483 n. 16).  *Rooker-Feldman* thus bars federal adjudication of any suit

17   whether a plaintiff alleges an injury based on a state court judgment or directly appeals a state

18   court's decision.  *Id.* at 900 n.4.  The district court lacks subject matter jurisdiction either to

19   conduct a direct review of a state court judgment or to scrutinize the state court's application of

20   various rules and procedures pertaining to the state case.  *Samuel v. Michaud*, 980 F. Supp. 1381,

21   1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997); *see also Branson v. Nott*, 62 F.3d

22   287, 291-92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim

23   seeking, inter alia, implicit reversal of state trial court action).  "That the federal district court

24   action alleges the state court's action was unconstitutional does not change the rule." *Feldman*,

25   460 U.S. at 486.  In sum, "a state court's application of its rules and procedures is unreviewable

26   by a federal district court.  The federal district court only has jurisdiction to hear general

4

1   challenges to state rules or claims that are based on the investigation of a new case arising upon

2   new facts." *Samuel*, 980 F. Supp. at 1412-13.  Accordingly, to the extent plaintiff's complaint

3   challenges the entry of a state court judgment, that claim must be dismissed.

4         Further, even if the *Rooker-Feldman* does not deprive this court of jurisdiction because

5   the action was filed before a state court judgment was rendered, principles of comity and

6   abstention would likely require dismissal.  *See Exxon Mobil Corp.*, 544 U.S. at 292.  *Younger v.*

7   *Harris* held that federal courts should not enjoin pending state proceedings except under

8   extraordinary circumstances.  401 U.S. 37, 49, 53 (1971).  Thus, federal courts should refrain

9   from exercising jurisdiction in actions for injunctive, declaratory, or monetary relief that would

10   interfere with pending state judicial proceedings.  *Gilbertson v. Albright*, 381 F.3d 965, 978 (9th

11   Cir. 2004) (en banc) (indicating that abstention is required even when damages are sought, when

12   the federal court damages award "would frustrate the state's interest in administering its judicial

13   system, cast a negative light on the state court's ability to enforce constitutional principles, and

14   put the federal court in the position of prematurely or unnecessarily deciding a question of

15   federal constitutional law.").  In the Ninth Circuit, *Younger* abstention prevents a court from

16   exercising jurisdiction when three criteria are met: 1) there are ongoing state judicial

17   proceedings; 2) an important state interest is involved; and 3) there is an adequate opportunity to

18   raise the federal question at issue in the state proceedings.  *H.C. ex rel. Gordon v. Koppel*, 203

19   F.3d 610, 613 (9th Cir. 2000).  "Whether it is labeled 'comity,' 'federalism,' or some other term,

20   the policy objective behind *Younger* abstention is to avoid unnecessary conflict between state

21   and federal governments." *United States v. Morros*, 268 F.3d 695, 707 (9th Cir. 2001); *see also*

22   *Wiener v. County of San Diego*, 23 F.3d 263, 266 (9th Cir. 1994) ("The critical question is not

23   whether the state proceedings are still 'ongoing' but whether the state proceedings were

24   underway before initiation of the federal proceedings."); *Haw. Housing Auth. v. Midkiff*, 467

25   U.S. 229, 238 (1984) (*Younger* abstention is required if the state proceedings were initiated

26   "before any proceedings of substance on the merits have taken place in federal court."); *Huffman*

1    *v. Pursue, Ltd.,* 420 U.S. 592, 607–611, 95 (1975) (state court proceedings are "pending" even

2    after a judgment has been rendered if the time for appeal has not expired); *Pennzoil Co.*, 481

3    U.S. at 15 (state court proceedings are presumed adequate to raise the federal claim "in the

4    absence of unambiguous authority to the contrary."); *see also Juidice v. Vail*, 430 U.S. 327, 337

5    (1977) ("[Federal plaintiffs] need be accorded only an opportunity to fairly pursue their

6    constitutional claims in the ongoing state proceedings . . .  their failure to avail themselves of

7    such opportunities does not mean that the state procedures were inadequate.").

8         Therefore, the court will recommend this action be dismissed without leave to amend.

9    *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (While the court ordinarily would permit a

10   pro se plaintiff to amend, leave to amend should not be granted where it appears amendment

11   would be futile).

12        Accordingly, IT IS HEREBY RECOMMENDED that:

13        1.  Plaintiff's request for leave to proceed *in forma pauperis* be granted;

14        2.  The complaint be dismissed without leave to amend; and

15        3.  The Clerk be directed to close this case.

16        These findings and recommendations are submitted to the United States District Judge

17   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

18   after being served with these findings and recommendations, any party may file written

19   objections with the court and serve a copy on all parties.  Such a document should be captioned

20   "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections

21   within the specified time may waive the right to appeal the District Court's order.  *Turner v.*

22   *Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

23   DATED:  May 29, 2012.

24

25                                 EDMUND F. BRENNAN
                                   UNITED STATES MAGISTRATE JUDGE
26